IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**KYLE M. GREENE**     **PLAINTIFF**

v.     **CIVIL CASE NO. 4:23-CV-83-RP**

**COMMISSIONER OF
SOCIAL SECURITY**     **DEFENDANT**

### JUDGMENT

Plaintiff Kyle M. Greene has filed for judicial review pursuant to 42 U.S.C. § 405(g) following the unfavorable decision of the Commissioner of Social Security regarding an application for supplemental security income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provision of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. ECF #16. The undersigned held a hearing on November 8, 2023. Having considered the record, the administrative transcript, the briefs of the parties, the oral arguments of counsel and the applicable law, the undersigned finds the Commissioner's decision is supported by substantial evidence and should be affirmed.

### Standard of Review

In determining disability, the Commissioner, through the Administrative Law Judge ("ALJ"), works through a five-step sequential evaluation process.[1] The burden rests upon plaintiff throughout the first four steps of this five-step process to prove disability, and if plaintiff is successful in sustaining his burden at each of the first four levels, then the burden shifts to the Commissioner at step five.[2] First, plaintiff must prove [he] is not currently engaged in

---

[1] *See* 20 C.F.R. §§ 404.1520, 416.920 (2010).
[2] *Crowley v. Apfel,* 197 F.3d 194, 198 (5th Cir. 1999).

substantial gainful activity.[3] Second, plaintiff must prove her impairment is "severe" in that it "significantly limits [his] physical or mental ability to do basic work activities . . . ."[4] At step three the ALJ must conclude plaintiff is disabled if he proves that his impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2010).[5] If plaintiff does not meet this burden, at step four he must prove that he is incapable of meeting the physical and mental demands of his past relevant work.[6] At step five, the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that he is capable of performing other work.[7] If the Commissioner proves other work exists which plaintiff can perform, plaintiff is given the chance to prove that he cannot, in fact, perform that work.[8]

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence and whether the Commissioner used the correct legal standard. *Crowley v. Apfel,* 197 F.3d 194, 196 (5th Cir. 1999), citing *Austin v. Shalala*, 994 F.2d 1170 (5th Cir. 1993); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). The court has the responsibility to scrutinize the entire record to determine whether the ALJ's decision was supported by substantial evidence and whether the proper legal standards were applied in reviewing the claim. *Ransom v. Heckler*, 715 F.2d 989, 992 (5th Cir. 1983). The court has limited power of review and may not reweigh the evidence or substitute its judgment for that of the Commissioner,[9] even if it finds

---

[3] 20 C.F.R. §§ 404.1520(b), 416.920(b) (2010).
[4] 20 C.F.R. §§ 404.1520(c), 416.920(c) (2010).
[5] 20 C.F.R. §§ 404.1520(d), 416.920(d) (2010). If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity." 20 C.F.R. § 416.925 (2003).
[6] 20 C.F.R. §§ 404.1520(e), 416.920(e) (2010).
[7] 20 C.F.R §§ 404.1520(g), 416.920(g) (2010).
[8] *Muse*, 925 F.2d at 789.
[9] *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

that the evidence leans against the Commissioner's decision.[10] The Fifth Circuit has held that substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999) (citation omitted). Conflicts in the evidence are for the Commissioner to decide, and if there is substantial evidence to support the decision, it must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court's inquiry is whether the record, as a whole, provides sufficient evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994), citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971).

## **Commissioner's Decision**

At step one of the sequential analysis, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date of January 25, 2021. At step two, he found that the plaintiff had the severe impairments of diabetes mellitus and depression. At step three, he found that none of these impairments or combination of these impairments meets or medically equals a listed impairment. During step three, he also determined that Plaintiff has the residual functioning capacity ("RFC") to perform light work, except:

> [He] cannot climb ladders, ropes, ropes, or scaffolds. He cannot work at heights or around unprotected work hazards. He should perform only simple repetitive tasks, by which it is meant that the claimant can understand remember and carry out simple tasks. He should have only occasional interactions with the public, supervisors, and coworkers. He should not perform fast production pace jobs, meaning jobs with numeric goals to be performed within a strict guideline. He should have only occasional decision making in the job, and the job should have no more than occasional changes in the workplace or work processes.

---

[10]*Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

At step four, the ALJ found that the plaintiff was unable to perform any of her past relevant work. Finally, at Step 5, the ALJ found that the plaintiff could perform other jobs in the national economy that are compatible with her age, education, work experience, and RFC. Accordingly, the ALJ concluded that the plaintiff was not disabled under §§ 216(i) and 223(d) of the Social Security Act January 25, 2021, the date Plaintiff's application was filed.

## Discussion

The plaintiff argues that the ALJ failed to consider all the record evidence regarding her psychological impairments, specifically the state agency psychological consultant's finding that the plaintiff has the severe impairment of "schizophrenia spectrum and other psychotic disorders." However, in his decision the ALJ discussed at length the record evidence of the plaintiff's reports of psychosis and explained why he found it is not a medically determinable impairment – because such an impairment may not be established solely on the basis of subjective allegations and must be demonstrated by medically acceptable clinical and laboratory diagnostic techniques, of which there was no evidence in the record. The ALJ committed no error in finding that the plaintiff does not have a medically determinable psychotic disorder – let alone a severe one. Further, even if the court were to find such error, "such a conclusion does not require an automatic reversal – if the ALJ proceeds past step two, we consider whether the error was harmless." *Keel v. Saul,* 986 F.3d 551, 556 (2021). "Harmless error exists when it is inconceivable that a different administrative conclusion would have been reached even if the ALJ did not err." *Keel,* 986 F.3d at 556. Here, the ALJ proceeded past step two and included significant mental limitations in the RFC. There is no reversible error here.

The plaintiff also argues that the state agency psychological consultants' findings that the plaintiff is "markedly limited" both in the ability to work in coordination with or in proximity to others

without being distracted by them and in the ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes – which specific findings the ALJ did not discuss in the decision – support a finding that the plaintiff meets Listing 12.03 (schizophrenia spectrum and other psychotic disorders) or 12.04 (depression, bipolar, and related disorders), either of which listing may be met when a claimant is found to be markedly limited in at least two of the four areas of mental functioning known as the "paragraph B" criteria. However, each of the two abilities in which the state agency psychologist found the plaintiff to be markedly limited is only one of a number of the plaintiff's abilities rated in connection with its respective "paragraph B" criteria, the plaintiff's other abilities in each area being rated as "moderately limited" or "not significantly limited." "The ALJ is not required to recite every scrap of evidence which the claimant considers helpful to [his] case." *Hall v. Barnhart,* 31 Fed.Appx. 839 (5th Cir. 2002) (per curiam). As the ALJ pointed out in the decision, the state agency psychologist concluded that the plaintiff is only moderately limited in the four areas of mental functioning, and the ALJ conducted a thorough discussion, with references to record evidence, explaining his finding of the same. There is no error here.

      Finally, the plaintiff argues that the ALJ committed error in finding the state agency psychologist's findings "generally persuasive" and yet assessing less restrictive limitations with respect to the plaintiff's abilities to interact with others and adapt to changes in the workplace. However, when finding a medical opinion to be persuasive, the ALJ is not required to incorporate into the RFC all of the opinion's assessed limitations. *Moore v. Commissioner of Social Security,* No. 3:20-CV-241-SA-DAS, 2021 WL 2834395, at *2 (N.D. Miss. July 7, 2021) (stating "the fact that the ALJ found the opinion persuasive does not obligate the ALJ to incorporate every limitation suggested by the report"); *Ephraim v. Saul,* No. 1:20cv00633, 2021

WL 327755, at *13 (N.D. Ohio Jan. 8, 2021) (stating that although ALJ deemed physician's opinion persuasive, ALJ "was not required to include every element of all of [physician's] proposed limitations in the RFC or explain why he did not adopt all of the proposed limitations"). Moreover, the court does not find that the mental limitations assessed by the ALJ – who limited the plaintiff to only occasional interaction with others and only occasional changes in the workplace -- to be necessarily less restrictive than the corresponding limitations assessed by the state agency psychologist – who found the plaintiff can interact with others on a very limited basis and can make rudimentary adaptations to function in a work setting. There is no error here.

For these reasons and for those announced on the record at the conclusion of oral arguments in this case, the Commissioner's decision is AFFIRMED.

This, the 8th day of November, 2023.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE